**PERKINS COIE LLP**
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112-0015
(212) 262-6900
jvanacore@perkinscoie.com
Jeffrey D. Vanacore
*Co-Special Litigation Counsel to*
*John M. McDonnell,*
*Chapter 7 Trustee*

**MCDONNELL CROWLEY HOFMEISTER, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
bcrowley@mchfirm.com
Brian T. Crowley (BC2778)
*Co-Special Litigation Counsel to*
*John M. McDonnell,*
*Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No. 14-10858 (KCF) |
| NIKI INTERNATIONAL, INC., | Honorable Kathryn C. Ferguson |
| Debtor. | Chapter 7 |
| JOHN M. MCDONNELL, AS CHAPTER 7 TRUSTEE, | Adv. Pro. No. 14-_____ (KCF) |
| Plaintiff, | |
| v. | |
| DINERS CLUB INTERNATIONAL | |
| Defendant. | |

**VERIFIED ADVERSARY COMPLAINT**
**FOR RECOVERY OF PROPERTY OF THE ESTATE**

John M. McDonnell, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") of the estate of

Niki International, Inc., the Chapter 7 Debtor (the "Debtor"), by and through his undersigned

counsel, Perkins Coie LLP and McDonnell Crowley Hofmeister, LLC, by way of a Complaint against Diners Club International (the "Defendant"), hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 (b) and 28 U.S.C. § 157.

2. Venue is properly fixed in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding that may be heard and determined by a bankruptcy judge pursuant to 28 U.S.C. § 157(b).

## PARTIES

4. The Plaintiff is the appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

5. Upon information and belief, when the Defendant received certain transfers from the Debtor, the Defendant was a corporation, partnership, governmental unit, individual, or entity who engaged in transactions in the United States and New Jersey in connection with the claims alleged herein.

## BACKGROUND

6. On January 17, 2014 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey. *See* Court Docket in *In re Niki International, Inc.,* Case No. 14-10858 (KCF) (the "Main Case Docket"), No. 1.

7. On January 22, 2014, John M. McDonnell, Esq. was appointed Chapter 7 Trustee for the Debtor, has duly qualified and is acting in that capacity. *See* Main Case Docket No. 4.

8. By Order of this Court dated April 3, 2014, McDonnell Crowley Hofmeister, LLC (*previously McDonnell Crowley, LLC*), was authorized as counsel to the Trustee. *See* Main Case Docket No. 17.

9. By Order of this Court dated June 9, 2014, McDonnell Crowley Hofmeister, LLC, was authorized as Co-Special Counsel to the Trustee. *See* Main Case Docket No. 37.

10. By Order of this Court also dated June 9, 2014, Perkins Coie LLP, was authorized as Co-Special Counsel to the Trustee. *See* Main Case Docket No. 38.

11. During the two year period prior to the Petition Date, the Debtor made certain transfers (the "Two Year Transfers") to the Defendant on the dates, and in the amounts, listed on **Exhibit "A"**, which is expressly incorporated by reference into this Complaint.

12. During the four year period prior to the Petition Date, the Debtor made certain transfers (the "Four Year Transfers" and together with the Two Year Transfers, collectively the "Transfers") to the Defendant on the dates, and in the amounts, listed on **Exhibit "B"**, which is expressly incorporated by reference into this Complaint.

13. Based upon further information and belief, the Transfers were made to pay the amounts owed for the personal credit card account of the former principal of the Debtor.

14. Pursuant to section 548(a)(1)(B)(ii) of the Bankruptcy Code and applicable state law, at the time of the Transfers, the Debtor was insolvent, or became insolvent as a result of the Transfers. Therefore, the Transfers constitute fraudulent transfers and the estate is entitled to, among other things, the turnover of the Transfers.

## COUNT ONE
## (11 U.S.C. § 502)

15. The Trustee repeats and realleges each and every allegation contained above as if fully set forth herein.

16. The Defendant has not turned over to the Trustee the Transfers or to otherwise pay the Transfers.

17. Pursuant to section 502(d) of the Bankruptcy Code, the Trustee is entitled to an order waiving, discharging and barring any claims that the Defendant may hold against the within estate.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant as follows:

(a) for an order waiving, discharging and barring any claims which the Defendant may hold against the Debtor's estate; and

(b) granting such other relief that this Court deems just, proper, and equitable.

## COUNT TWO
## (11 U.S.C. § 541)

18. The Trustee repeats and realleges each and every preceding allegation as if fully set forth at length herein.

19. The Transfers to the Defendant constitute property of the estate pursuant to section 541 of the Bankruptcy Code.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

(a) for an order declaring the Transfers are property of the Debtor's estate pursuant to section 541 of the Bankruptcy Code;

(b) for damages, together with interest, costs of suit and reasonable attorneys' fees;

(c) for an accounting; and

    (d)    for such other and further relief as this Court deems just, proper, and equitable.

## COUNT THREE
### (11 U.S.C. § 542)

20.    The Trustee repeats and realleges each and every allegation contained above as if fully set forth at length herein.

21.    The Defendant is in possession, custody or control of property that belongs to the Debtor's estate.

22.    All of the assets should be turned over to and accounted for the Trustee.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

    (a)    for an order compelling Defendant to turnover all of the Debtor's property pursuant to section 542 of the Bankruptcy code;

    (b)    for damages, together with interest, costs of suit and reasonable attorneys' fees;

    (c)    for an accounting of all the Debtor's property; and

    (d)    for such other and further relief as this Court deems just, proper, and equitable.

## COUNT FOUR
### (11 U.S.C. § 544)

23.    The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

24.    Pursuant to *N.J.S.A*. §§ 25:2-25 and 25:2-27, made applicable hereto by section 544 of the Bankruptcy Code, the Transfers, as detailed herein, constitute fraudulent transfers which should be avoided.

25.    The Transfers were given to the Defendant with the actual intent to hinder, delay, or defraud the Debtor's creditors.

26. The Debtor was insolvent at the time, or the Debtor became insolvent as a result of the Transfer.

27. Moreover, pursuant to section 544 of the Bankruptcy Code, the Debtor did not receive reasonably equivalent value in exchange for the Transfers, and the Debtor:

- (a) was insolvent on the dates that such transfers were made or such obligations were incurred, or became insolvent as a result of such transfers or obligations;

- (b) was engaged or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or

- (c) intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay them as they become due. . . .

28. No exemption or exclusion shall be allowed for any preferences or fraudulent conveyances made in violation of the "Uniform Fraudulent Transfer Act," *N.J.S.A* §. 25:2-20, *et seq*., or any other state or federal law.

29. The granting of the Transfers constitute fraudulent transfers pursuant to *N.J.S.A*. § 25:2-25 and *N.J.S.A.* § 25:2-27 and may be avoided by the Trustee pursuant to 11 U.S.C. §§ 544 and 550 for the benefit of the Debtor's creditors.

**WHEREFORE**, the Trustee demands judgment against Defendant as follows:

- (a) for an order avoiding the Transfers made to Defendant pursuant to *N.J.S.A.* § 25:2-25, *N.J.S.A.* § 25:2-27, *N.J.S.A.* § 25:2-1, and *N.J.S.A.* § 25:2-31, made applicable hereto by section 544 of the Bankruptcy Code, and recoverable under section 550 of the Bankruptcy Code;

- (b) for damages, together with interest, costs of suit and reasonable attorneys' fees; and

- (c) for such other and further relief as this Court deems just, proper, and equitable.

## COUNT FIVE
## (11 U.S.C. §548)

30. The Trustee repeats and realleges each and every allegation contained above as if fully set forth at length herein.

31. The Trustee seeks to recover the Transfers received by the Defendant, which are avoidable pursuant to section 548 of the Bankruptcy Code.

32. The Debtor received less than a reasonably equivalent value in exchange for the Transfers, and the Debtor (a) was insolvent on the date that the Transfers were made or became insolvent as a result of the Transfers; or (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (c) intended to incur; or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

33. By reason of the foregoing, the Transfers are avoidable and recoverable under sections 548(a)(1)(B) and 550 of the Bankruptcy Code.

34. By reason of the foregoing, the Trustee is entitled (i) to a judgment setting aside the Transfers and (ii) to recover the Transfers plus interest, costs and attorneys' fees.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant, as follows:

(a) determining that the Transfers are fraudulent pursuant to section 548(a) of the Bankruptcy Code;

(b) avoiding the Transfers;

(c) for damages in an amount equal to the fair market values of the Transfers, together with interest and costs of suit;

    (d)    ordering the Defendant to turnover to the Trustee within ten (10) days of the date of judgment an amount equal to the value of the Transfers; and

    (e)    granting such other relief that this Court deems just, proper, and equitable.

## COUNT SIX
## (11 U.S.C. § 550)

35.    The Trustee repeats and realleges each of the allegations set forth above as if fully set forth herein.

36.    Upon information and belief, the Defendant was the initial transferees of the Transfers, the individuals for whose benefit the Transfers were made, and/or the beneficial transferees thereof.

37.    Pursuant to section 550 of the Bankruptcy Code, the Trustee is entitled to recover the Transfers from the Defendant, or the fair market value thereof, and the value of the Transfers, together with pre-judgment and post-judgment interest thereon at the maximum legal rate from the date that the Transfers were made.

**WHEREFORE,** the Trustee demands judgment in his favor and against the Defendant, as follows:

    (a)    avoiding the Transfers;

    (b)    for damages in an amount equal to the value of the Transfers, together with interest and costs of suit;

    (c)    ordering the Defendant to turnover to the Trustee within ten (10) days of judgment an amount equal to the value of the Transfers; and

    (d)    granting such other relief that this Court deems just, proper, and equitable.

## COUNT SEVEN
### (Fed. R. Bankr. P. 7008(b))

38. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

39. The Trustee has incurred legal expenses in order to pursue the claims against the Defendant.

40. The Trustee is entitled to recover reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b).

**WHEREFORE**, the Trustee demands judgment against Defendant as follows:

(a) for an order compelling the Defendant to pay reasonable attorneys' fees pursuant to Fed. R. Bankr. P. 7008(b);

(b) for damages, together with interest, and costs of suit; and

(c) for such other and further relief as this Court deems just, proper, and equitable.

## COUNT EIGHT
### (Reservation of Rights)

13. The Trustee repeats and realleges each and every allegation contained above as if set forth at length herein.

14. The Trustee hereby expressly reserves his right to (i) commence any and all other causes of action that he may maintain on behalf of the estate against the Defendant, by amending this Complaint or by separate action, (ii) amend this Complaint to raise additional transfers between the Debtor and the Defendant, and (iii) assert any available objections to any claims that the Defendant may have against the Debtor and/or the estate.

**WHEREFORE,** the Trustee demands judgment in his favor and against the Defendant, as follows:

(a) granting the relief as more fully set forth herein; and

(b) granting such other relief that this Court deems just, proper, and equitable.

          **MCDONNELL CROWLEY HOFMEISTER, LLC**
          *Co-Special Counsel for Plaintiff,*
          *John M. McDonnell,*
          *Chapter 7 Trustee*

          By: __/s/ Brian T. Crowley_____
              BRIAN T. CROWLEY

Dated: July 28, 2014

          **PERKINS COIE LLP**
          *Co-Special Counsel for Plaintiff,*
          *John M. McDonnell,*
          *Chapter 7 Trustee*

          By: __/s/ Jeffrey D. Vanacore_____
              JEFFREY D. VANACORE

Dated: July 28, 2014

## **VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, **John M. McDonnell**, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

DATED:  July 28, 2014                                          _____*/s/ John M. McDonnell*_____
                                                                                   JOHN M. MCDONNELL